**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **SHERITA SIMMONS,**<br>　　**Plaintiff,**<br><br>**v.**<br><br>**DALLAS COUNTY SCHOOL DISTRICT**<br>**and Dr. CHRISTIAN IVEY,**<br>　　**Defendant.** | )<br>)<br>)<br>)　　**Civil Action No. 2:25-00423-KD-N**<br>)<br>)<br>)<br>)<br>) |

**<u>ORDER</u>**

This action is before the Court on Plaintiff Sherita Simmons's ("Simmons") Response to Order Requesting Evidence Showing Dallas County School District was Properly Served or to Show Cause for an Extension of the Rule 4(m) Deadline. (Doc. 18). Upon consideration, and for the reasons below, the Rule 4(m) deadline is extended, and the second-attempted service is deemed timely.

**I.　　Background**

On May 18, 2026, the Court denied Simmons's application for entry of default against Dallas County School District (the "District") because Simmons failed to show that the District was properly served. (Doc. 16). Specifically, the proof of service form indicated that service was made upon "Geneva Brown," but Simmons provided no evidence that Geneva Brown was a proper person upon whom the District could be served. The Court explained that the Federal Rule of Civil Procedure 4(m) deadline to perfect service had already passed. Therefore, the Court ordered Simmons to either (1) produce evidence showing that the District was properly served or (2) show good cause for an extension of the Rule 4(m) deadline.

On May 20, 2026, Simmons filed a proof of service on Dr. Corey Jones—the Superintendent of the Dallas County School District. (Doc. 17). The same day, Simmons

1

responded to the order. (Doc. 18). The response states that Geneva Brown accepted the service and that Brown "provided no objection to receiving the document at the time of service." (Id. at 2). The response concedes that the "undersigned counsel has no further evidence that service was proper." (Id.). However, the response explains that Dr. Corey Jones was personally served on May 19, 2026, to cure the potential defect.

## II.    Analysis

Simmons provides no further evidence indicating that service upon Geneva Brown was proper. Instead, Simmons produces evidence that the District has been served by personal service on its Superintendent. Simmons argues that good cause exists for an extension because "the undersigned counsel believed Ms. Geneva Brown was designated by appointment to accept service under Rule 4." (Doc. 18 at 6). Alternatively, Simmons argues that a discretionary extension is warranted because the dismissal of this "case without prejudice would forever preclude the Plaintiff from pursing her claims against the Dallas County School District as the statute of limitations has lapsed." (Id.).

Without evidence that the District was properly served within the Rule 4(m) deadline, the issue is whether an extension is warranted. Rule 4(m) provides a 90-day deadline for a plaintiff to serve a defendant. Fed. R. Civ. P. 4(m). A district court "must extend the time for service" if "the plaintiff shows good cause for the failure" to serve by the deadline. Id. "Good cause generally will be found only where the insufficiency of service resulted from circumstances beyond the plaintiff's control." 1 Steven S. Gensler, Federal Rules of Civil Procedure, Rules and Commentary § 4:89 (2025). Here, it is unlikely that the reasons provided by Simmons constitute good cause for a mandatory extension. See Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007) ("Good cause exists 'only when some outside factor[,] such as reliance on faulty advice,

rather than inadvertence or negligence, prevented service.'" (quoting <u>Prisco v. Frank</u>, 929 F.2d 603, 604 (11th Cir. 1991)).

However, "Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause." <u>Horenkamp v. Van Winkle And Co.</u>, 402 F.3d 1129, 1132 (11th Cir. 2005). "Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." <u>Id.</u> at 1132–33 (quoting Fed. R. Civ. P. 4(m), advisory committee note to 1993 amendments). Here, Simmons contends that the statute of limitations would bar the refiling of this action against the District. Moreover, Simmons has already provided a proof of service that appears to comply with the state and federal rules governing service of process upon the District.[1] Therefore, the Court is satisfied that a discretionary extension of Rule 4(m)'s service deadline is warranted.

### III.    Conclusion

Simmons shows that a discretionary extension of the Rule 4(m) service deadline is justified. Simmons has already filed a proof of service on the Superintendent of the Dallas County Board of Education. Thus, Simmons's service on the Dallas County School District is deemed timely.

**DONE** and **ORDERED** this **27th** day of **May 2026.**

 /s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[1] The state and federal rules provide that service on state-level governmental entities can be made by serving the "chief executive officer." Fed. R. Civ. P. 4(j)(2); Ala. R. Civ. P. 4(c)(8). Alabama law provides that the "county superintendent of education . . .  shall act as the chief executive officer of the county board of education." Ala. Code § 16-9-1.