**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **SHERITA SIMMONS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | **2:25-cv-423-KD-N** |
| **DALLAS COUNTY BOARD** | ) | |
| **OF EDUCATION, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

On June 9, 2026, Defendant Dallas County Board of Education ("Board") filed a Motion to Dismiss (Doc. 21) Plaintiff's original Complaint (Doc. 1). This Motion to Dismiss has been referred to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Fed. R. Civ. P. 72, and S.D. Ala. GenLR 72(a). See S.D. Ala. GenLR 72(b); docket sheet reference notation dated 6/10/2026.

On July 20, 2026, Plaintiff timely filed her Amended Complaint (Doc. 33) in accordance with the Order entered by the Court on July 2, 2026 (Doc. 29). As a result of this amendment, the subject Motion to Dismiss is now directed to a pleading that is no longer operative. *See Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (per curiam) ("As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'" (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V*

*OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation and quotation omitted))); *Fritz v. Standard Sec. Life Ins. Co. of N.Y.*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint."). Moreover, the Amended Complaint appears to be an effort to address certain issues raised in the Motion to Dismiss. *See* Fed. R. Civ. P. 15(a)(1) advisory committee's note to 2009 amendment (stating that the current version of Rule 15(a)(1) was enacted to "force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in [a Rule 12(b), (e), or (f)] motion[, as a] responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim"). Accordingly, the subject Motion to Dismiss (Doc. 21) is moot and **DENIED without prejudice**.[1]

 **DONE** and **ORDERED** this the 24th day of July 2026.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] *See Florence v. Stanback*, 607 F. Supp. 2d 1119, 1120-21 (C.D. Cal. 2009) (district court judge held that the assigned magistrate judge did not exceed jurisdiction by denying a motion to dismiss without prejudice to the defendants' ability to raise the same issues in another motion).